

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00244-CR

———————————————

MILLARD GLENN BELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1474504D

Concurring Memorandum Opinion by Justice Birdwell

## CONCURRING MEMORANDUM OPINION

I join in the majority's memorandum opinion but write separately to voice my serious concern that the State obtained the admission of what can be fairly characterized as inadmissible outcry testimony from Katelyn by misrepresenting the purpose of its offer to the trial court.

More specifically, the majority's conclusion that Bell failed to timely or specifically object to the State's solicitation of such testimony should not be viewed as approving the manner in which that solicitation occurred. When Bell objected to Katelyn's anticipated outcry testimony, the State categorically represented to the trial court that it was "not offering her as an outcry witness." The State further categorically represented that it was "not even offering the specific statements." On the basis of these categorical representations, the trial court overruled Bell's then timely outcry objection and permitted Katelyn to testify about the observable circumstances of a nonspecific conversation with Donna. Bell did not request a running objection to this line of questioning. Nor did Bell object in any manner when the State asked questions soliciting from Katelyn the very outcry testimony it had categorically disclaimed any intent to offer. While it is true the State did not solicit the specific statements made by Donna during the conversation, Katelyn was asked whether the statements she was told eventually came out, whether they were substantively the same as those made to Donna's mother—who had already testified to their substance—and whether Bell's prosecution was the result of those statements.

There is no other way to characterize this testimony other than as inferential outcry testimony solicited in direct contravention of the State's representational offer.

The Texas Disciplinary Rules of Professional Conduct impose a duty of candor toward the courts. Tex. Disciplinary Rules Prof'l Conduct R. 3.03(a)(1), *reprinted* in Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, Sec. 9) ("A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal."). The State is not exempt from this duty. *See Walker v. State*, No. 05-12-00353-CR, 2013 WL 3947172, at *3 (Tex. App.—Dallas, July 29, 2013, no pet.) (mem. op., not designated for publication) (admonishing State for lack of candor on appeal). Under the described circumstances, the trial court could have fairly concluded that the State knowingly misrepresented its offer of Katelyn's testimony and, arguably, should have revisited its ruling. But absent a timely and specific objection to the testimony when solicited, or a specific appellate complaint concerning the trial court's denial of Bell's motion for mistrial, the trial court's decision to let the testimony stand as solicited does not present a basis for reversal.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 2, 2019

3